UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00169-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BUSTER MARSHALL,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's pro se request that the court grant his

immediate release from prison inasmuch as the Bureau of Prisons is unable, due to a backlog, to

place him in a halfway house for the final six months of his incarceration. See Letter (#31).

Once a defendant matriculates into the prison system, determinations as to housing and

placement in programs are, however, within the sound discretion of the Bureau of Prisons and do

not reside with the sentencing court. Title 18 U.S.C. § 3621(b) gives the Bureau of Prisons primary

authority to "designate the place of a prisoner's imprisonment." Defendant's motion more

particularly concerns Section 3624(c), which reads in pertinent part:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner
> serving a term of imprisonment spends a reasonable part, not to exceed six months,
> of the last ten percentum of the term to be served under conditions that will afford
> the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's
> reentry into the community.

First, defendant has not shown that he has exhausted his administrative remedies with the

Bureau of Prisons under Section 3624(c). See e.g., 28 C.F.R. §§ 542.10, et seq., (administrative

remedy procedure for inmates). See also United States v. Lucas, 898 F.2d 1554, 1555 (11th

Cir.1990) (providing that C.F.R. regulations "set out the procedures that prisoners must pursue

1

prior to seeking relief in a district court" and that "exhaustion of administrative remedies is jurisdictional"); United States v. Morales–Morales, 985 F.Supp. 229, 230–31 (D.P.R.1997). Section 3624 is an administrative provision rather than a statement of defendants' rights. United States v. Doe, 53 F.3d 1081, 1083 (9th Cir.1995); Morales–Morales, 985 F.Supp. at 231. Thus, this Court is without jurisdiction to entertain defendant's motion for lack of exhaustion.

Second, this Court would be the improper forum to hear that petition even if defendant had exhausted his administrative remedies. Defendant is advised that the proper forum for such a petition would be the United States Court for the District of South Carolina, which is where FCI Bennettsville is located.

Third and finally, the Court has reviewed defendant's report of accomplishments while incarcerated. Such is an excellent self-report and defendant is encouraged to continue working in that same commendable manner when he is released, both with his supervised release officer and in contributing to the community.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's request for immediate release is **DENIED** without prejudice.

Signed: May 15, 2018

Max O. Cogburn Jr.
United States District Judge